966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William G. HORTON, Petitioner-Appellant,
v.
Michael J. O'DEA, Warden, Respondent-Appellee.
 No. 92-5038.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 William G. Horton, a Kentucky state prisoner, requests the appointment of counsel on appeal from the dismissal without prejudice of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Horton was convicted following a jury trial of second degree arson and was sentenced to ten years imprisonment. His conviction was affirmed on direct appeal. He also filed a motion to vacate pursuant to Ky.R.Cr. 11.42, which the trial court dismissed because the direct appeal was still pending. Horton then filed this petition, arguing ineffective assistance of counsel and prosecutorial misconduct, and related issues. The magistrate judge recommended that the petition be dismissed without prejudice for failure to exhaust state remedies. The district court adopted this recommendation over Horton's objections.
 
 
 3
 Upon review, it is concluded that this petition was properly dismissed without prejudice for failure to exhaust state remedies. See Rose v. Lundy, 455 U.S. 509, 518-20 (1982). The magistrate judge and district court concluded that the Kentucky trial court would accept a second motion under R.Cr. 11.42 in this case because the first motion was dismissed without consideration of the merits of petitioner's claims. Where the availability of remedies is open to interpretation, exhaustion is not complete and the state courts should be given an opportunity to address the claims. Brewer v. Dahlberg, 942 F.2d 328, 340 (6th Cir.1991).
 
 
 4
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. The request for counsel and all pending motions are denied.